## Byrne v. Continental-Archbald Coal Company

*Edwin M. Kosick*, for claimant.

*J. Hayden Oliver* and *Franklin B. Gelder*, for defendant.

HOBAN, P. J., April 24, 1953.—Claimant on November 8, 1950, was the victim of an industrial accident in the mines from which he suffered fracture of the right tibia and right fibula. At the time of his injury his average weekly wage was $84.04. Claimant and defendant entered into a compensation agreement for total disability and received an award of $25 per week.

On December 17, 1951, defendant filed a petition for termination, averring that as of October 15, 1951, claimant had fully recovered from his injuries. An answer was filed claiming continuing total disability. The case was referred to Referee Phillips, who held a hearing and made findings, inter alia, that from October 15, 1951, to December 15, 1951, claimant returned to work and during that period worked 31 starts in the mines, or 10 6/7 weeks, during which period he earned $452.73, or an average of $41.69 per week, and concluding that claimant thereby suffered a loss of earning power based on actual earnings equal to $42.35 per week. The referee likewise found that the disability changed from total disability on October 15, 1951, to a partial disability resulting in the loss of earning power of 35 percent, and that on April 19, 1952, the partial disability again changed to a disability resulting in loss of earning power of 20 percent from April 25, 1952, and indefinitely thereafter.

An award was accordingly made granting claimant compensation from October 16, 1951, to April 18, 1952, of $19.61 and of $11.21 from April 18, 1952, indefinitely, subject to the limitations of The Workmen's Compensation Law.

These computations, of course, are based on 35 and 20 percent, respectively, of two thirds of the wage rate claimant had received at the time of his injury.

Defendant appealed to the Workmen's Compensation Board, which affirmed the referee and his method

of calculating the award for partial disability. An appeal to this court followed.

In this appeal defendant does not challenge the referee's findings as to the existence of partial disability for the periods in question, but his method of computation. Defendant asserts that the proper interpretation of earning power under the provisions of section 306(b) of The Workmen's Compensation Law requires a computation based on this method: Claimant worked 31 starts in 10 6/7 weeks, during which period he earned $452.73. Therefore, his daily wage averaged $14.60. Accordingly under that part of section 306(b) which says "the term earning power . . . shall in no case be less than five times his actual daily wage as fixed by the day, hour, or output of the employer . . . "his earning power should be calculated at five times $14.60 or $73 per week. If this method of calculation is correct, his actual loss of earning power measured against his wages at the time of the injury would be $11.04 and the award accordingly should be two thirds of that amount or $7.36 per week.

We think under the facts of this case that the findings of the referee, as affirmed by the board, were correct and the method used in calculating the award was proper. The referee in arriving at the degree of disability accepted the testimony most favorable to defendant. Defendant's own medical expert gave his opinion that on the dates in question claimant was 35 percent and 20 percent partially disabled, and testified further that on October 15, 1951, he could return to "more or less light work . . . not to his regular type of work", and again, that "he was being sent back to work more as an aid to cure than anything". There was testimony from which the referee if he desired could have found a greater degree of disability than he reported in his findings of fact. However, it is clear that during the periods in which he actually worked

and thereafter he did have a real partial disability, the only difficulty being to translate that partial disability into loss of earning power according to the requirements of The Workmen's Compensation Law. Here the referee and the board considered that such actual earnings as he did receive ought to be averaged weekly and a weekly base established. In the face of the admitted disability of claimant and his restriction to a program of light work, we can see nothing wrong in this method of calculation, and there is no evidence in the record other than a mere statement of his actual working time to show that claimant could have worked for longer periods or that any limitation of his working time was due to causes other than his disability. It is clear that his return to work and the wages he received, if calculated by the average wage based on the number of starts rather than by the week, were largely a matter of grace and as part of a therapy program. There is no indication in the record that the average daily payment of $14.60 according to defendant's calculation represented claimant's ability to put out production, since the evidence shows that in only 10 out of the 31 starts did claimant attempt to mine coal.

Under the particular facts of this case, it is our opinion that the particular limitation of section 306($b$), putting a floor under earning power of five times the actual daily wage, cannot be applied. In the opinion of Chairman Knoll of the Workmen's Compensation Board it was stated as follows:

"It is our opinion that section 306($b$) refers to the actual wages received by an employe, as indicated by the words 'actual daily wage', over five days of actual work. The section refers to section 309 of the act which construes the average wages by weekly periods and we believe that any compensation payable to claimant should be determined by the same method. . . .

It is our opinion that any other computation of compensation would be manifestly unfair and unjust to claimant and would deny compensation rightfully due him."

With this position we agree.

Defendant also argued by brief that the award would further violate section 306(b) by providing, at least during the period from October 15, 1951, to December 15, 1951, claimant with more in compensation and wages combined than a fellow employe in similar employment. We can find no evidence in the record to support this argument.

Now, April 24, 1953, the order of the Workmen's Compensation Board appealed from is affirmed. The form of definitive judgment is to be prepared by counsel for claimant, submitted to counsel for defendant and then to the court for final order.